# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. JONES, | Civil No. 03cv1463 J (RBB) |
| Petitioner, | **ORDER:** |
| v. | **(1) DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| RICHARD A. RIMMER, Acting Director of the California Dept. of Corrections, | |
| Respondent. | **(2) GRANTING PETITIONER'S REQUEST FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |

Petitioner Edward Jones ("Petitioner"), a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus ("Petition") challenging his conviction pursuant to 28 U.S.C. § 2254. [Doc. No. 1.]  Pursuant to 28 U.S.C. § 636(b)(1) and CIV LR HC.2 of this District, the Honorable Ruben B. Brooks, United States Magistrate Judge, submitted a Report and Recommendation ("Report") recommending that this Court deny the Petition and deny Petitioner's request for an evidentiary hearing.  [Doc. No. 73.]  Petitioner timely filed objections to the Report.  [Doc. No. 74.]  This Court subsequently overruled Petitioner's objections, adopted the Report, and denied the Petition and Petitioner's request for an evidentiary hearing. [Doc. No. 77.]  Petitioner now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253

1

1    and Federal Rule of Appellate Procedure 22(b) and requests leave to appeal *in forma pauperis*.

2    [*See* Docs. No. 80, 81.]  For the reasons set forth below, the Court **DENIES** Petitioner's

3    Application for Certificate of Appealability and **GRANTS** Petitioner's request for leave to

4    appeal *in forma pauperis*.

5                                              *Legal Standard*

6            A state prisoner may not appeal the denial of a section 2254 habeas petition unless he

7    obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253 (c)(1)(A);

8    *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district

9    courts retain authority to issue certificates of appealability under AEDPA).  In deciding whether

10   to grant a certificate of appealability, a court must either indicate the specific issues supporting a

11   certificate or state reasons why a certificate is not warranted.  *See id.* at 1270.  A certificate of

12   appealability is authorized "if the applicant has made a substantial showing of the denial of a

13   constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, Petitioner must show that:

14   (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a

15   different manner; or (3) the questions are adequate to deserve encouragement to proceed further.

16   *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (*citing Slack v. McDaniel*, 529

17   U.S. 473 (2000)); *Barefoot v. Estelle*, 463 U.S. 880 (1983).  Petitioner does not have to show

18   "that he should prevail on the merits.  He has already failed in that endeavor."  *Lambright*, 220

19   F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

20                                               *Analysis*

21           Petitioner claims that he is entitled to relief based on ineffective assistance of counsel and

22   actions by the trial court that violated his due process rights. [*See* Doc. No. 80.]  Furthermore, he

23   alleges that this Court erred by finding that claims 5-8 in his Third Amended Petition were

24   procedurally barred and by denying his motion for an evidentiary hearing.  *Id.*

25   **I.  Ineffective Assistance of Counsel Claims**

26           Petitioner alleges that he received ineffective assistance of counsel in violation of his

27   Sixth Amendment rights because his trial attorney failed to investigate or present an alibi

28

03cv1463 J (RBB)

1   defense to the jury and failed to properly advise Petitioner of the consequences of rejecting a

2   plea bargain.  [*See* Doc. No. 80.]

3       The Sixth Amendment guarantees criminal defendants effective assistance of counsel.

4   *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000); *see McMann v. Richardson*, 397 U.S. 759,

5   771 n.14 (1970) ("It has long been recognized the right to counsel is the right to the effective

6   assistance of counsel.")  As outlined in this Court's Order, a finding of ineffective assistance of

7   counsel requires a finding of both deficient performance and prejudice.  [*See* Doc. No. 77, citing

8   *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984), and *James v. Borg*, 24 F.3d 20, 26 (9th

9   Cir. 1994) (conclusory allegations which present only the possibility of error are insufficient to

10  warrant federal habeas relief.)]

11      **A.  Failure to Investigate Alibi Defense**

12      Petitioner alleges that four alibi witnesses would have testified "he was at home at around

13  the time of the alleged crimes."  (Third Am. Pet. at 6.)  These witnesses were Petitioner's wife,

14  his mother-in-law, a neighbor, and his children's babysitter.  (*Id.* at 18.)  Trial counsel doubted

15  the credibility of these witnesses and provided the state court with a strategic reason for not

16  presenting the defense at trial.  (Lodgment No. 2, Rep.'s Tr. vol. 3, 670.)  Accordingly,

17  Petitioner failed to overcome the presumption that trial counsel's decision not to present the alibi

18  defense was a reasonable, tactical decision.  *See Strickland*, 466 U.S. at 689; *see also Siripons v.*

19  *Calderon*, 133 F.3d 732, 735 (9th Cir. 1998) (finding counsel's performance to be based on a

20  reasonable tactical decision when, after hiring an expert and investigating a possible defense,

21  counsel determined that it was not credible enough to present to the jury.)  Additionally,

22  Petitioner failed to show that he was prejudiced by trial counsel's failure to present the alibi

23  defense.  The state court found that the testimony of Petitioner's alibi witnesses had "very little,

24  if any, merit" and that the alibi witnesses would not have had any significant effect on the

25  evidence against Petitioner.  (*See* Lodgment No. 2, Rep.'s Tr. Vol. 1, 325.)  Federal habeas

26  courts have "no license to redetermine credibility of witnesses whose demeanor has been

27  observed by the state trial court, but not by them."  *Marshall v. Lonberger*, 459 U.S. 422, 434

28  (1983).  As a result, reasonable jurists could not differ on the objective reasonableness of the

state court's decision to reject Petitioner's claim of ineffective assistance of counsel for failure to show prejudice.

### B. Failure to Advise Petitioner of Consequences of Rejecting Plea Bargain

Petitioner claims that he received ineffective assistance of counsel when his attorney gave him erroneous advice regarding a proffered plea bargain that Petitioner chose to reject. (Third Am. Pet. at 8.) Petitioner alleges that his counsel told him that his exposure was twenty-four years although an amended information increased his exposure to thirty-seven years. [Doc. No. 21.] The state appellate court denied this claim because it found that Petitioner failed to make a prima facie showing for habeas relief. (Lodgment No. 5, *Jones*, No. D039422, slip op. at 30.) A habeas petitioner must show some objective evidence other than his assertions to establish that he suffered prejudice. *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (citing *United States v. Gordon*, 156 F.3d 376, 379-80 (2d Cir. 1998). Instead, the record shows that Jones consistently indicated that he wanted to go to trial. (*See* Third Am. Pet. Ex. A at 1 (Petitioner's declaration in support of his Third Amended Petition), Lodgment No. 2, Rep.'s Tr. Vol. 3, 677-80.) Petitioner cannot show, by any objective evidence, that he would not have rejected the plea offer if he had known an amended information would be filed. Accordingly, Petitioner is unable to meet the prejudice standard required by *Strickland*, and reasonable jurists could not differ on the objective reasonableness of the state court's decision to reject Petitioner's claim of ineffective assistance of counsel.

## II.  Due Process Claims

Petitioner alleges that his Due Process rights were violated because the trial court misadvised him regarding the maximum sentence that could be imposed, his attempted robbery conviction was supported by insufficient evidence, and the trial court improperly applied a firearm-use enhancement. [*See* Doc. No. 80.]

### A.  Trial Court's Sentence Calculation

Petitioner claims the trial judge erroneously indicated that the amended information reduced rather than increased Petitioner's maximum exposure, and this misstatement was a violation of due process because it was a factor in his decision to reject the plea offer. (Third

03cv1463 J (RBB)

Am. Pet. 6-13.)  The trial court did indeed give Petitioner inaccurate information after the amended information was filed when the trial judge incorrectly indicated the amended information changed Petitioner's maximum exposure "very insignificantly."  (Lodgment No. 2, Rep.'s Tr. Vol. 1, 6.)  The court failed to include the new firearm-use allegations in its calculation, which increased Petitioner's exposure to over thirty-seven years.  (*See* Lodgment No. 1, Clerk's Tr. Vol. 1, 24-28; *see also* Lodgment No. 5, *Jones*, No. D038250, slip op. at 30.) Thus, the trial court misadvised Petitioner that his sentence under the amended information appeared to be the same as under the original information.

However, the trial judge's statements could not have had an effect on Petitioner's decision to reject the plea bargain because the filing of the amended information and the lower court's statement occurred after Petitioner's rejection of the twelve-year offer.  (Lodgment No. 5, *Jones*, No. D038250, slip. op. at 30, *see also* Lodgment no. 2, Rep.'s Tr. Vol. 1, 6.) Petitioner's case does not constitute "misadvice by [a] trial judge regarding [the] plea bargain [that] was prejudicial enough to grant the defendant [the] opportunity to retender [a] guilty plea." *United States v. Day*, 969 F.2d 39, 44 (3d Cir. 1992) (citing *State v. Kraus*, 397 N.W.2d 671, 675-76 (Iowa 1986)).

Nor do the trial court's inaccurate statements violate Petitioner's due process rights.  As a matter of due process, a plea must be a "voluntary, knowing, and intelligent act," made with an "awareness of the relevant circumstances and likely consequences."  *See, e.g.*, *Brady v. United States*, 397 U.S. 742, 747-48 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Patton v. United States*, 281 U.S. 276, 312 (1930).  As long as Petitioner "understood the length of time he might receive, he was fully aware of his plea's consequences."  *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982), *cert. denied*, 459 U.S. 867 (1982).  Since Petitioner was aware of the sentencing consequences he faced at the time he rejected the plea offer, he cannot assert a violation of due process.  *See id.*  Thus, Petitioner is not entitled to a certificate of appealability for this claim.

**B.  Evidence Supporting Attempted Robbery Conviction**

5

Petitioner next alleges that there was insufficient evidence to support his three convictions for attempted robbery.  (Third Am. Pet. at 9-10.)  The Due Process Clause protects a criminal defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  When challenging a conviction for insufficiency of the evidence, the constitutional standard established by the Supreme Court in *Jackson v. Virginia* is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. 307, 319 (1979), *quoted in Smith v. Mitchell*, 437 F.3d 884, 889 (9th Cir. 2006).  "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit."  *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Petitioner contends that there was insufficient evidence to convict him of attempting to rob the three victims downstairs whom he alleges were never asked if they had access to the business' safe.  (Third Am. Pet. 9, 38-39.)  To determine whether the state court's application of *Jackson* was unreasonable, the Court must look to the state's substantive elements of the crime necessary to support a conviction.  *Jackson*, 443 at 324; *Davis v. Woodford*, 333 F.3d 982, 992 (9th Cir. 2003).  Under California law, robbery is the "taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  Cal. Penal Code § 211 (West 1999).  An attempted robbery occurs when there is "specific intent to commit the crime, and a direct but ineffectual act done towards its commission."  Cal. Penal Code § 21a (West 1999).

Under California law, the employees could be victims of attempted robbery when Petitioner attempted to steal money from their employer, regardless of whether the employees had access to the business's safe.  "California follows the long-standing rule that the employees of a business constructively possess the business owner's property during a robbery."  *People v. Jones*, 82 Cal. App. 4th 485, 490 (Ct. App. 2000).  California courts have held that store employees may be victims of a robbery even if they did not have specific responsibility for

1  handling the business's money.  *See, e.g.*, *People v. Gilbeaux*, 111 Cal. App. 4th 515, 521-23

2  (Ct. App. 2003) (discussing the robbery of janitors who had no responsibility for handling cash

3  but were among the workers in charge of the premises when the robbery took place).

4       Petitioner also argues that because neither he nor his co-defendant specifically asked the

5  employees downstairs where the money was, if they could open the safe, or demand they turn

6  over any personal property, there could be no attempted robbery of these individuals.  (Third

7  Am. Pet. at 9.)  However, not only did Petitioner use force to subdue the employees until

8  someone with access to the safe arrived, but he is liable for his co-defendant's acts under

9  California's accomplice law.  "All persons concerned in the commission of a crime . . . whether

10  they directly commit the act constituting the offense, or aid and abet in its commission . . . are

11  principals in any crime so committed."  Cal. Penal Code § 31 (West 1999).  A person aids and

12  abets the commission of a crime when he (1) has knowledge of the unlawful purpose of the

13  perpetrator, (2) has the intent or purpose of committing, facilitating, or encouraging commission

14  of the crime, and (3) aids, promotes, encourages, or instigates commission of the crime.  *People*

15  *v. Cooper*, 53 Cal. 3d 1158, 1164 (Cal. 1991) (citation omitted).

16       Petitioner argues that he could not have shared his co-defendant's specific intent to detain

17  and rob the downstairs victims because he had no contact with them, and did not know they were

18  present.  (Third Am. Pet. 42; Pet'r Obj. to R&R at 30.)  The evidence, however, shows that

19  Petitioner acted with the purpose of committing the robbery:  Petitioner bound another victim

20  and detained him and his daughters upstairs while his co-defendant detained the other victims

21  downstairs, and Petitioner knew that his co-defendant was holding employees in the office while

22  they waited for someone to arrive who had access to the safe.  (*See* Lodgment No. 2, Rep.'s Tr.

23  Vol. 1, 156-59.)  This evidence is sufficient to support Petitioner's convictions for attempted

24  robbery of the downstairs victims.  *Cf. People v. Phan*, 14 Cal. App. 4th 1453, 1462-63 (Ct.

25  App. 1993).

26       Since Petitioner has failed to show that reasonable jurists could differ on whether there

27  was insufficient evidence to convict him of attempted robbery, he is not entitled to a certificate

28  of appealability.

03cv1463 J (RBB)

### C.    Firearm Enhancements

Petitioner contends that because two of the downstairs victims never saw him with a gun, and the other only saw him with a gun as he ran down the stairs to the showroom, there was insufficient evidence to support the sentence enhancements for use of a firearm.  (Third Am. Pet. at 10, 44.)  California Penal Code section 12022.53(b) provides that "any person who is convicted of a felony specified in subdivision (a), and who in the commission of that felony personally used a firearm, shall be punished by a term of imprisonment of 10 years in the state prison."  Cal. Penal Code § 12022.53(b) (West Supp. 2007).  Robbery is one of the felonies to which the enhancement applies.  Cal. Penal Code § 12022.53(a)(4) (West Supp. 2007).  A gun "may be used 'in the commission' of a given crime even if the use is directed toward someone other than the victim of the crime."  (Lodgment No. 5, *Jones*, No. D038250, Slip op. at 20 (citing *People v. Granado*, 49 Cal. App. 4 the 317, 329-30 (1996)).)  When a gun is employed "to neutralize the victim's companions, bystanders, or other persons who might otherwise interfere with the successful completion of the crime," the elements of section 12022.53(a) are met.  *Id.*

Petitioner argues that, at most, the evidence shows gun possession, but not gun use.  (*See* Third Am. Pet. at 44.)  For firearm enhancements to be imposed, the defendant must have actually used a firearm in committing the crime, as opposed to merely possessing a gun.  *See Alvarado v. Superior Court*, 146 Cal. App. 4th 993, 1000 (Ct. App. 2007).  The test for distinguishing use of a firearm from mere possession of a firearm during the commission of a crime focuses on the actor's conduct: "[D]id the defendant take some action with the gun in furtherance of the commission of the crime?"  *Id.* at 324.

In addition to the upstairs victims at whom Petitioner pointed his gun, one downstairs victim testified that Petitioner made eye contact with her while holding a gun, but she did not say that Petitioner made any threats or gestured with the gun in any way.  [Lodgment No. 2, Rep.'s Tr. Vol. 1, 46-48.]  Another downstairs victim testified that Petitioner's co-defendant shoved a gun into his back and made him go into an office where Petitioner bound his hands.  [*See id.* at 156-59.]  According to Ninth Circuit law:

> In a simultaneous robbery of multiple victims by multiple perpetrators, use of a firearm against at least one victim satisfies the personal use requirement such that a gun use finding attaches to every crime for which the defendant is responsible during the transaction, including crimes for which the defendant is only vicariously liable.

*Ballard v. Estelle*, 937 F.2d 453, 457-58 (9th Cir. 1991) (citing *People v. Walker*, 47 Cal. 3d 605, 635 (1988)).  Thus, Petitioner's sentence can be enhanced based on personal gun use for each victim of a multiple-victim robbery, even if Petitioner did not use a gun against each individual robbery victim.  The testimonial evidence is sufficient to support the imposition of the gun-use enhancement for all six victims, not just the three who testified that Petitioner pointed the gun at them.

Since Petitioner has failed to show that reasonable jurists could differ on whether there was insufficient evidence to support the firearm enhancements, he is not entitled to a certificate of appealability.

## III.  Court's Finding that Claims 5-8 Were Procedurally Barred

Petitioner's Third Amended Petition included new claims that were not presented in his earlier federal petitions.  (*See* Third Am. Pet. at 11-14; *see also* Order Rejecting R&R at 12.) These new claims, discussed as claims 5-8 in this Court's order, are:  (1) ineffective assistance of trial counsel for failure to seek to suppress evidence of a separate crime; (2) a due process violation for introduction of irrelevant evidence of a separate crime; and (3) a due process violation for the trial court's refusal to give a jury instruction limiting the jury's use of evidence of the separate crime.  (Third Am. Pet. at 11-14.) These claims were presented to the California Supreme Court in Petitioner's fourth petition for a writ of habeas corpus.  (Supp. Lodgment No. 1, Pet. at 4-7, *Jones*, No. S135905.)  The court denied the petition with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750 (1993); *In re Swain*, 34 Cal. 2d 300 (1949); *People v. Duvall*, 9 Cal. 4th 464 (1995); and *In re Dixon*, 41 Cal. 2d 756 (1953). (Supp. Lodgment No. 2.)

A federal habeas court is barred from reviewing a federal claim that was decided by a state court if the state court's decision rested on adequate and independent state law grounds. *Bennet v. Mueller*, 322 F.3d at 580 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991);

1   *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001)).  "In order to constitute adequate and

2   independent grounds sufficient to support a finding of procedural default, a state rule must be

3   clear, consistently applied, and well-established at the time of the petitioner's purported default."

4   *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  In addition, an ambiguous opinion from a

5   state court that invokes multiple procedural bars and does not specify which rule applies to

6   which claim will not bar federal habeas review unless each procedural bar is adequate and

7   independent.  *See Washington v. Cambra*, 208 F.3d 832, 834 (9th Cir. 2000).  Thus, because the

8   state court did not identify which rule was used to deny each claim, Petitioner's claims will only

9   be procedurally barred if all of the procedural bars cited by the California Supreme Court are

10  adequate to support the judgment and independent of federal law.  *See id.*

11          Petitioner seeks a certificate of appealability on this issue because the "procedural default

12  in question was not 'independent and adequate.'" [*See* Doc. No. 80.]

13          **A.      Independence of the State Procedural Bar Rules**

14                  **1.      The Robbins/Clark Timeliness Bar**

15          The state court denied Petitioner's fourth habeas petition by invoking the timeliness bar

16  of *Robbins* and *Clark*.  [Supp. Lodgment No. 2; see *Thorson v. Palmer*, 479 F.3d 643, 645 (9th

17  Cir. 2007) (stating that a citation to page 780 of *Robbins* is a clear indication the state court

18  applied the timeliness rule to bar review).] This rule bars habeas petitions that were filed after

19  "substantial delay" without significant justification.  *King v. Lamarque*, 464 F.3d 963, 966 (9th

20  Cir. 2006).  The Ninth Circuit has held that the timeliness bar of *Clark* and *Robbins* is not

21  interwoven with federal law, and thus it is an independent state procedural ground.  *Bennett v.*

22  *Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

23                  **2.      The Dixon Bar**

24          The California Court of Appeal also denied Petitioner's habeas petition with a citation to

25  *In re Dixon*.  (Supp. Lodgment No. 2.)  *Dixon* stands for the proposition that "a convicted

26  defendant desiring to bring claims in a state habeas petition must, if possible, have pursued the

27  claims on direct appeal from his conviction."  *Park v. California*, 202 F.3d 1146, 1151 (9th Cir.

28  2000).  Previously, the Ninth Circuit had held that "the *Dixon* rule was 'interwoven' with, and

10

1   not independent from, federal law," but in *Robbins*, the California Supreme Court made it clear

2   that in future cases, California courts would find claims to be procedurally defaulted under

3   *Dixon* based solely on state law grounds. *Bennett*, 322 F.3d at 582. Thus, the *Dixon* bar now

4   rests on state law grounds that are independent of federal law. *Id.* at 582-83. The state court's

5   invocation of the *Dixon* bar in Petitioner's case occurred after the decision in *Robbins*, so it is an

6   independent state procedural ground.

7                    **3.      The Swain/Duvall Bar**

8          Additionally, the court of appeal denied Petitioner's petition with a citation to *Swain* and

9   *Duvall*. (Supp. Lodgment No. 2.) "The *Swain* rule is commonly referred to as the

10  'untimeliness' bar." *Washington v. Cambra*, 208 F.3d at 833. In addition, the Ninth Circuit has

11  interpreted a citation to *Swain* and *Duvall* to mean that the petitioner failed to "allege with

12  sufficient particularity the facts warranting habeas relief." *King v. Roe*, 340 F.3d 821, 823 (9th

13  Cir. 2003). A state habeas petitioner whose claims are denied with a citation to *Swain* and

14  *Duvall* is given leave to amend his petition to comply with the specificity requirement. *Id.* As

15  with the *Dixon* bar, the California Supreme Court announced in *Robbins* that it will decline to

16  consider federal law when deciding whether claims are barred as untimely under *Swain*. *See*

17  *Washington v. Roe*, 225 F.3d 666 (9th Cir. 2000). Thus, a citation to *Swain* and *Duvall* is a

18  denial on procedural grounds that is independent of the federal constitutional issue.

19          **B.      Adequacy of the State Procedural Rules**

20          If a respondent appropriately pleads procedural default, the burden then shifts to the

21  petitioner to show that the rule is inadequate to support the state court's opinion because the rule

22  is ambiguous or inconsistently applied. *Bennett*, 322 F.3d at 585-86. A habeas petitioner may

23  meet this burden by "asserting specific factual allegations that demonstrate the inadequacy of the

24  state procedure, including citation to authority demonstrating inconsistent application of the

25  rule." *Id.* at 586. Here, Petitioner has not pointed to any factual allegations or cited any

26  authority that would show that any of the procedural rules have not been consistently applied.

27  [*See* Traverse 8; Pet'r's Obj. to R&R at 43.] Petitioner did not identify any specific rule as

28  inadequate to support the state court's judgment. [*See* Traverse 8; *see* Pet'r's Obj. to R&R at

1   43.]  As a result, Petitioner has not met his burden of showing that the rule is ambiguous or

2   inconsistently applied.

3        For the Court to review the merits of Jones's barred claims, he must demonstrate "cause

4   for the default and actual prejudice as a result of the alleged violation of federal law," or "that

5   failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v.*

6   *Thompson*, 501 U.S. 722, 750 (1991).  Petitioner has not demonstrated cause for his default or

7   prejudice resulting from it.  He points to no facts that made him unable to comply with

8   California's procedural rules.  [*See* Traverse 8.]  Petitioner also makes no attempt to show that a

9   fundamental miscarriage of justice will occur if the federal court does not review his defaulted

10  claims.  Accordingly, his claims are procedurally barred.

11       **C.    Statute of Limitations**

12       Petitioner is also barred from bringing his new claims by the statute of limitations, which

13  for habeas corpus petitions is set forth in AEDPA, 28 U.S.C. § 2244(d).  The California Supreme

14  Court denied Petitioner's petition for review on January 15, 2003, and the judgment became

15  final on April 15, 2003, when Petitioner's ninety-day period in which to file a petition for

16  certiorari to the United States Supreme Court expired.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-

17  59 (9th Cir. 1999).  Absent statutory tolling under § 2244(d)(2) or equitable tolling, April 15,

18  2004 was the last day on which Petitioner could file a timely federal habeas petition.  *Patterson*

19  *v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

20       Petitioner filed his Third Amended Petition asserting grounds five through eight on June

21  15, 2006, over two years after the limitations period expired for federal habeas review.  In the

22  absence of tolling, these newly asserted claims are barred by the statute of limitations unless they

23  relate back to the filing of the Petition.

24            **1.    Statutory Tolling**

25       Under AEDPA, the statute of limitations is tolled during periods when a petitioner has a

26  properly filed application for collateral review pending in state court.  28 U.S.C. § 2244(d)(2)

27  (West 2006).  In addition, the interval between the disposition of one state petition and the filing

28  of another may be tolled under "interval tolling," which is "all of the time during which a state

12

1   prisoner is attempting, through proper use of state court procedures, to exhaust court remedies

2   with regard to a particular post-conviction application."  *Carey v. Saffold* 536 U.S. 214, 223

3   (2002); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

4           When a petitioner stops pursuing state review of his original claims, he has abandoned his

5   first full round of review and any subsequent habeas petitions for a separate "application" for

6   collateral review.  *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003).  Here, Petitioner's third

7   and fourth petitions raised entirely different claims from those raised in the first two petitions.

8   His abandonment of the original claims and pursuit of separate claims constituted a second

9   round of review, and the time between the filing of his second and third petitions will not be

10  tolled because there was no application "pending" during that period.

11          Furthermore, the statute of limitations was not tolled while Petitioner's final state petition

12  was pending because the fourth petition was denied with a citation to *Clark* and *Robbins*, which

13  indicates that the state court deemed the petition to be untimely.  *See Bennett*, 322 F.3d at 579.

14  Therefore, Petitioner's final state habeas petition was never "properly filed" and will not toll the

15  statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  Grounds five through

16  eight of the Third Amended Petition, not contained in Petitioner's first two state habeas

17  petitions, are thus untimely unless they relate back to the filing of the original federal Petition or

18  unless Jones is entitled to equitable tolling.

19                         **2.      Relation Back**

20          Federal Rule of Civil Procedure 15(c)(2) provides in part that an amended pleading may

21  relate back to the date of the original pleading when "the claim or defense asserted in the

22  amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to

23  be set forth in the original pleading."  Fed. R. Civ. P. 15 (c)(2).  An amended pleading that adds

24  a new claim will relate back to the date of the original pleading if it arises out of the same

25  conduct, transaction, or occurrence as the claims in the original pleading.  Fed. R. Civ. P. 15 (c).

26          Petitioner's Third Amended Petition added four entirely new claims that were not

27  presented in his original Petition or either of the previous two amendments: (1) He received

28  ineffective assistance of counsel when his trial attorney failed to move to suppress evidence of a

13

1  separate conviction (ground five); (2) due process was violated when the court allowed

2  admission of evidence of a separate conviction (ground six); and (3) the trial court did not give a

3  jury instruction limiting use of the prior conviction evidence (grounds seven and eight).  (*See*

4  Third Am. Pet. at 11-14.)  Although these claims arise from the same trial and conviction that

5  Petitioner challenged in his previously asserted claims, they do not arise from the same operative

6  facts asserted in Petitioner's Petition, First Amended Petition, and Second Amended Petition.

7  Accordingly, these newly-asserted claims do not relate back to the filing of the earlier federal

8  petitioners and are therefore not sufficient to toll the statute of limitations.

9                    **3.      Equitable Tolling**

10          In some cases, a petitioner may be able to toll the statute of limitations period by

11  demonstrating a basis for equitable tolling.  Equitable tolling is appropriate when "extraordinary

12  circumstances beyond a prisoner's control make it impossible" for the petitioner to file a timely

13  petition.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330

14  F.3d 1197, 1202 (9th Cir. 2003).  Petitioner has the burden to establish extraordinary

15  circumstances that warrant equitable tolling.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.

16  2002).

17          Petitioner does not specify any facts that constitute extraordinary circumstances,

18  Petitioner only points to Judge Jones's Order, which listed Petitioner's justifications for delay in

19  seeking to amend his petition: (1) the prison did not provide adequate legal assistance; (2)

20  Petitioner was only able to attend the law library for two hours per week; and (3) the prison was

21  locked down for periods between December 26, 2003, and June 29, 2005, which limited his use

22  of the library and access to his "jailhouse legal assistance."  [Order Granting Mot. To Amend 6;

23  Pet'r's Obj. To R&R at 44.]

24          Courts have found that ignorance of the law is no excuse for the late filing of a habeas

25  petition.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  In addition, considering

26  that Petitioner was able to timely file pleadings in this action in addition to his first and second

27  state habeas petition, he fails to allege facts approaching the level of inadequate access to library

28  materials that have served as grounds for equitable tolling.  *See Whalem/Hunt v. Early*, 233 F.3d

1  1146, 1148 (9th Cir. 2000) (finding that unavailability of AEDPA in prison library could

2  constitute grounds for equitable tolling).  Accordingly, equitable tolling is not appropriate, and

3  Petitioner's additional claims are barred by the statute of limitations.

4        Reasonable jurists would not disagree that these claims are barred both by adequate and

5  independent state procedural bars and by the federal statute of limitations; therefore, Petitioner is

6  not entitled to a certificate of appealability on this issue.

7  **IV.  Court's Denial of Petitioner's Request for an Evidentiary Hearing**

8        Petitioner argues that the Court erred in denying Petitioner an evidentiary hearing on

9  claim one (ineffective assistance of counsel for failure to present alibi defense). [*See* Doc. No.

10  80.]  An evidentiary hearing is not necessary if the court has sufficient facts before it to fully and

11  fairly rule on the merits of the claims.  *Blackledge v. Allison*, 431 U.S. 63, 74-81 (1977);

12  *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).  The factual basis for Petitioner's

13  ineffective assistance of counsel claim was fully developed in a 2001 state court hearing on

14  Petitioner's motion for a new trial, where Petitioner, his trial attorney, and other witnesses

15  testified.  (*See* Lodgment No. 2, Rep.'s Tr. vol. 3, 599-686.)  Therefore, the Court's denial of

16  Petitioner's request for an evidentiary hearing was proper.

17  **V.  Petitioner's Request for Leave to Appeal *In Forma Pauperis***

18        Petitioner has requested leave to appeal *in forma pauperis* [doc. no. 81]; he was

19  previously granted pauper status in this case. [Doc. No. 4.]  In any case where the plaintiff or

20  petitioner has been granted leave to file the action *in forma pauperis*, pauper status automatically

21  continues for the appeal from a subsequent order or judgment, unless the district court certifies

22  that the appeal is taken in bad faith or finds that the party is not otherwise entitled to continuing

23  pauper status.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).  The Court **FINDS** no reason for

24  such certification or finding and therefore **GRANT**S Petitioner's Motion for Leave to Appeal in

25  Forma Pauperis.

26  //

27  //

28  //

*Conclusion*

Based on the foregoing, the Court **DENIES** the Application for Certificate of Appealability and **GRANTS** Petitioner's request for leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

DATED:   October 31, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Brooks
      All Counsel of Record

16                                                              03cv1463 J (RBB)